UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


PAUL ANTHONY REQUENA,                                    Case No. 6:20-cv-00862-AA

           Petitioner,                          OPINION AND ORDER

    v.

GARRETT LANEY,

           Respondent.

_____

AIKEN, District Judge.

      Petitioner brings this action for federal habeas relief pursuant to 28 U.S.C. § 2254 and challenges his state court convictions for assault and firearms offenses. Petitioner contends that the trial court exhibited bias against him and deprived him of a fair trial in violation of his federal due process rights. The state court rejected Petitioner's claim in a decision that is entitled to deference, and Petitioner is not entitled to habeas relief.

<u>BACKGROUND</u>

      Petitioner's convictions arose from two separate criminal proceedings. In Case No. 11C47392, Petitioner was charged with Felon in Possession of a Firearm and Felon in Possession

of a Restricted Weapon after weapons were discovered in Petitioner's possession. Resp't Ex. 102. Petitioner was a passenger in a vehicle driven by his uncle, Brandon Cardenas, and police officers stopped the vehicle because it matched the description of a vehicle reportedly involved in a stabbing. Resp't Ex. 104 at 7-9. During the traffic stop, a firearm and another weapon were discovered on or near Petitioner's person. *Id.* at 20, 26.

Prior to trial, Petitioner moved to suppress evidence of the weapons, and Marion County Circuit Court Judge Penn heard and denied the motion. *See* Resp't Ex. 104 at 1-79. Petitioner then moved to disqualify Judge Penn on grounds of bias and Judge Penn denied the motion. *Id.* at 86-89. A jury found Petitioner guilty of the weapons charges and Judge Penn imposed concurrent sentences of forty-eight months' imprisonment. Resp't Ex. 101 at 3, 14-16.

In Case No 12C47324, Petitioner was charged with Assault in the Second Degree after he allegedly assaulted another uncle, Christian Cardenas, with a baseball bat. Resp't Ex. 103. Judge Penn was the presiding judge and Petitioner again moved to disqualify Judge Penn on grounds of bias. Petitioner argued that Judge Penn could not be objective in the assault case because he had presided over criminal cases involving Petitioner's brother, David Requena, his uncle, Brandon Cardenas, and his father, Victor Requena. Resp. Ex. 105 at 5-11.[1] Another Marion County Circuit Court judge, Judge Burton, denied the motion, finding that Petitioner failed to present evidence supporting an "inference of prejudice." *Id.* at 19-20. A jury found Petitioner guilty as charged and Judge Penn imposed a sentence of seventy months' imprisonment. Resp't Ex. 101 at 20-21.

Petitioner directly appealed his assault conviction and challenged the denial of his motion to disqualify. Resp't Exs. 112, 115. The Oregon Court of Appeals affirmed without opinion and

---

[1] The charges against David Requena involved the weapons discovered during the traffic stop and the stabbing incident that preceded the stop. Resp't Ex. 102; Resp't Ex. 104 at 242. Likewise, weapons charges against Brandon Cardenas arose from the same traffic stop.

the Oregon Supreme Court denied review. Resp't Exs. 116-17. Petitioner then sought post-conviction relief (PCR) in the Oregon courts and alleged the ineffective assistance of counsel. Resp't Ex. 131. The PCR court dismissed the petition, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 137-38, 144-45.

On May 29, 2020, Petitioner sought federal habeas relief in this action.

<u>DISCUSSION</u>

Petitioner asserts four Grounds for Relief in his Petition. *See* Pet. at 6-11 (ECF No. 2). In his supporting brief, however, Petitioner presents argument in support of only Ground One. *See generally* Pet'r Brief in Support (ECF No. 40). Upon review of the record, I find that Petitioner fails to prove entitlement to habeas relief on Grounds Two, Three, and Four for the reasons set forth in Respondent's Response. Response at 10-17 (ECF No. 31); *see Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (stating that a habeas petitioner bears the burden of proving the alleged claims); *Davis v. Woodford*, 384 F.3d 628, 637-38 (9th Cir. 2004) (accord).

In Ground One, Petitioner claims that his federal due process right to a fair trial was violated when Judge Burton denied the motion to disqualify Judge Penn.[2] Petitioner claims that Judge Burton applied the incorrect legal standard when ruling on the motion and that Petitioner presented sufficient evidence to establish the potential for bias and prejudice if Judge Penn presided over his assault case. Respondent maintains that Judge Burton's decision was reasonable and is entitled to deference.

A federal court may not grant habeas relief regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable

---

[2] Petitioner does not challenge Judge Penn's denial of the motion to disqualify filed in Petitioner's weapons case.

application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority or reaches a different result in a case "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *see Penry v. Johnson*, 532 U.S. 782, 793 (2001) ("even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable"). To meet this highly deferential standard, a petitioner must demonstrate that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

During the hearing on Petitioner's motion to disqualify Judge Penn, Petitioner argued that the knowledge Judge Penn had gained from presiding over his relatives' cases might cause him to be biased against Petitioner. Resp't Ex. 105 at 8-10. Petitioner testified that the facts underlying his pending weapons case were related to the charges against his brother and uncle and that Judge Penn had denied various motions filed by his brother and uncle. *Id.* Petitioner explained, "I feel it prejudices issues because of the fact that he has my family's cases and, plus, like I said, he's heard motions, stuff like that, from David's case and from Brandon's case, and I don't feel that he's going to really look at the facts." *Id.* at 11. When asked why Judge Penn's knowledge of such facts would cause a potential bias, for Petitioner responded that he did not want to talk about his weapons case because he was "still on trial for it." *Id.* at 14. Petitioner conceded that his assault case was

"totally separate" from his relatives' cases but maintained that "the potential for prejudice is there" because Judge Penn "had so much exposure to [Petitioner]'s family." *Id.* at 11, 14-15, 16-17.

> Judge Burton denied the motion and explained:
>
> The evidence at best shows that there is speculation or … a bad feeling on Mr. Requena's part. And, you know, I can certainly understand that he may not feel comfortable with Judge Penn [] for whatever reason and many of us in our day-to-day lives react to people based on our gut feelings or our intuition and that's fine, but … Mr. Requena's sort of gut feelings or intuitions about Judge Penn don't amount to a showing of the actual prejudice that he would need to show or showing of an inability to have a fair trial in front of Judge Penn.

Resp't Ex. 105 at 19. Judge Burton emphasized that Petitioner presented "nothing that would lead to the logical conclusion that because Judge Penn has seen other family members of Mr. Requena he's going to have some sort of bias against Mr. Requena" and noted that Petitioner was "unwilling" to disclose "certain facts about these other cases that would lead to an inference of prejudice." *Id.* at 20.

Petitioner argues that Judge Burton applied the incorrect legal standard by requiring Petitioner to show "actual prejudice" when clearly established federal law requires that he show only the potential for bias. Petitioner further argues that Judge Penn's "particular familiarity with the members of his family…created an appearance that Judge Penn was not receptive" to Petitioner's arguments in his assault case and established the potential for impermissible bias. Pet'r Brief at 10. I am not persuaded.

"The Due Process Clause guarantees a criminal defendant the right to a fair and impartial judge." *Hurles v. Ryan*, 188 F. Supp. 3d 907, 916 (D. Ariz. 2016), *aff'd*, 914 F.3d 1236 (9th Cir. 2019). Under relevant Supreme Court precedent, a judge must recuse from presiding over a case "when the likelihood of bias on the part of the judge 'is too high to be constitutionally tolerable.'" *Williams v. Pennsylvania*, 579 U.S. 1, 4 (2016) (citation omitted); *see also Rippo v. Baker*, 580

U.S. 285, 287 (2017) (per curiam). In the absence of actual bias, the Supreme Court has specifically identified three circumstances that, "as an objective matter, require recusal": 1) when the presiding judge "has a direct, personal, substantial, pecuniary" interest in a case; 2) when the presiding judge has some other "financial interest in the outcome of a case"; and 3) when a conflict arises because of the presiding judge's previous participation in a criminal proceeding. *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 877-78, 880 (2009); *see also Williams*, 579 U.S. at 8 (explaining that "an unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in a case"); *In re Murchison,* 349 U.S. 133, 136 (1955) (to prevent "even the probability of unfairness," "no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome"). Ultimately, the relevant question is not whether the judge "harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Williams*, 579 U.S. at 8 (internal quotation marks citation omitted).

Here, Judge Burton found that Petitioner's "gut feelings or intuitions" did not establish "actual prejudice." Resp't Ex. 105 at 19. Judge Burton further found that Petitioner presented no evidence to show an "inability to have a fair trial in front of Judge Penn" or evidence that "would lead to an inference of prejudice." *Id.* at 19-20. In other words, Judge Burton found no evidence of actual bias, a finding Petitioner does not dispute, and no objective evidence raising the possibility or potential for bias or prejudice. Judge Burton's analysis mirrored the established standard of "an unconstitutional potential for bias" and did not apply an incorrect legal standard that was contrary to Supreme Court precedent.

Further, Petitioner did not assert that Judge Penn had either an improper interest in the outcome of his case or a conflict arising from the judge's role in previous proceedings. Rather, the

only basis for recusal presented by Petitioner was the fact that Judge Penn had presided over cases involving Petitioner's brother, father, and uncle. Petitioner cites no clearly established federal law holding that an impermissible inference of bias arises when a trial judge presides over cases involving a criminal defendant's family members. In fact, the Supreme Court has explained that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

More recently, the Ninth Circuit held that clearly established federal law did not require the disqualification of a criminal court judge who told the defendant that he had "already heard all of the witnesses" and was "real sure" the defendant would be convicted and that "most judges" would "throw the book" at the defendant during sentencing. *See Crater v. Galaza*, 491 F.3d 1119, 1130-32 (9th Cir. 2007). If due process requirements did not compel recusal in those circumstances, Judge Burton reasonably found that recusal was not required in this case.

Accordingly, Petitioner fails to show that Judge Burton unreasonably applied clearly established federal law, and Petitioner is not entitled to habeas relief.

<u>CONCLUSION</u>

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED. A Certificate of Appealability is DENIED on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

DATED this 27th day of June, 2023.

_____
s/Ann Aiken
ANN AIKEN
United States District Judge
